IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DORIS VINITSKI AND** § | |
| **DIOGU (MARK) KALU DIOGU II** § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | |
| § | **CIVIL ACTION NO. 4:14-cv-00780** |
| **FEDERAL NATION MORTGAGE** § | |
| **ASSOCIATION AKA FANNIE MAE** § | |
| **AND BANK OF AMERICA, N.A. AS** § | |
| **SUCCESSOR BY MERGER TO BAC** § | |
| **HOME LOANS SERVICING, LP** § | |
| § | |
| Defendants. § | |

### DEFENDANTS FEDERAL NATIONAL MORTGAGE ASSOCIATION AND BANK OF AMERICA N.A.'S MOTION TO DISMISS PLAINTIFFS' PETITION AND BRIEF IN SUPPORT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Federal National Mortgage Association ("Fannie Mae") and Bank of America, N.A. ("BANA") (collectively "Defendants") respectfully request that the Court dismiss in its entirety Plaintiffs' Petition to Set Aside Foreclosure Sale, Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction Against BAC Home Loans Servicing, LP (the "Complaint") for failure, as a matter of law, to state any cognizable claim for relief.

This is the second lawsuit filed by Plaintiffs in an effort to thwart BANA's right to conduct a foreclosure as a result of Ms. Vinitski's default on her contractual obligations to make payments on her mortgage. Despite a previous Order by this Court dismissing all claims which were or could have been asserted by Plaintiffs in a prior, related litigation, Plaintiffs now re-

assert the same exact claim for unjust enrichment and reimbursement that this Court has already dismissed, and make a baseless claim for wrongful foreclosure. Plaintiffs also request a declaratory judgment and injunctive relief to set aside the foreclosure sale and enjoin and restrain Defendants from selling the property to a third party. None of Plaintiffs' purported claims or requests for declaratory and injunctive relief can survive Rule 12(b)(6) scrutiny as explained below. The Court should, therefore, dismiss the Complaint in its entirety, with prejudice.

**I.     PROCEDURAL HISTORY**

Plaintiffs Doris Vinitski ("Ms. Vinitski") and Diogu (Mark) Kalu Diogu II ("Mr. Diogu" and collectively "Plaintiffs") commenced this action against Fannie Mae and BANA by filing the Complaint in the 400th Judicial District Court of Fort Bend County, Texas, as Cause No. 13-DCV-210977 (the "State Court Action"). On March 27, 2014, Fannie Mae timely removed the matter to this Court. [Docket No. 1].

**II.    STATEMENT OF FACTS**

**A.    The Note and Deed of Trust**

On August 29, 2005, Ms. Vinitski executed a promissory note (the "Note," attached hereto as **Exhibit 1**) in favor of K. Hovnanian American Mortgage, LLC ("Hovnanian") as Lender, in the amount of $216,000.00, for the purchase of real property located at 7311 Kainer Springs Lane, Richmond, Texas (the "Property"). The Property lies in Fort Bend County,

Texas.[1]  Paragraph 1 of the Note states that the borrower understands that "the Lender may transfer [the] Note.  The Lender or anyone who takes [the] Note by transfer and who is entitled to receive payments under [the] Note is called the 'Note Holder.'"  *See* Exh. 1, ¶ 1.  Hovnanian subsequently endorsed the Note to Countrywide Bank, N.A. ("Countrywide Bank"), and Countrywide Bank endorsed the Note to Countrywide Home Loans, Inc.  *See id.*

In securing the obligations under the Note, Ms. Vinitski and husband John R. Lachman[2] executed a deed of trust (the "Deed of Trust," attached hereto as **Exhibit 2**) which named Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for Hovnanian, its successors and assigns.[3]  The Deed of Trust expressly provides that transfer of the rights in the Property is to be accomplished using MERS and that MERS has the right to enforce the Deed of Trust:

TRANSFER OF RIGHTS IN THE PROPERTY

> The beneficiary of this Security Instrument [Deed of Trust] is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS.  This Security Instrument secures to Lender:  (1) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the

---

[1] Because Plaintiffs reference the Note in the Complaint and the document is central to Plaintiffs' claims, the Court can consider the Note without converting BANA's Motion to Dismiss to a motion for summary judgment.  *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (noting with approval that various circuits consider as part of the pleadings documents attached to a defendant's motion to dismiss that are referred to in the complaint and are central to the Plaintiff's claims) (citing cases); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997) ("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.").

[2] John R. Lachman as "Husband" executed the Deed of Trust but is not named on the Note.

[3] For the reasons stated in note 1, *supra*, the Court can consider the Deed of Trust without converting BANA's Motion to Dismiss to a motion for summary judgment.  Further, the Court should take judicial notice of the Deed of Trust because it was filed in the Official Public Records of Fort Bend County, Texas under Instrument No. 2005107403.  *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

3

> performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the …[Property].[4]

MERS is defined in the Deed of Trust as follows: "'MERS'" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument…."[5] In the Deed of Trust, Ms. Vinitski acknowledged and agreed that MERS was the holder of the right to enforce the Deed of Trust:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.[6]

On November 30, 2011, MERS assigned the Deed of Trust to BANA, as successor by merger to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing LP (the "Assignment," attached hereto as **Exhibit 3**).[7] Pursuant to the Assignment, BANA acquired the right to enforce the Deed of Trust.

### B. Diogu's Mechanics Lien and Power of Attorney

It is Defendants' understanding from the Complaint that Mr. Diogu—who is also Ms. Vinitski's counsel of record—allegedly loaned money to Ms. Vinitski to make certain repairs to

---

[4] *See* Exh. 2 at 3.
[5] *See id.* at 1.
[6] *See id.* at 3.
[7] For the reasons stated in notes 1 and 3, *supra*, the Court may consider the Assignment without converting this motion to dismiss to one for summary judgment, as the Assignment in central to Plaintiff's claims. Moreover, the court should take judicial notice of the Assignment because it was filed in the Official Public Records of Fort Bend County, Texas under Instrument No. 2011121017. *See Funk*, 631 F.3d at 783.

4

the Property that resulted from damage caused by Hurricane Ike in 2008. *See* Compl. at ¶ 23. According to the Complaint, Ms. Vinitski and Mr. Diogu executed a mechanics lien contract in the amount of $50,000 which was secured by the Property as a junior lien (the "Mechanics Lien," attached to Complaint as Exhibit B). Mr. Diogu also alleges that he secured a statutory durable power of attorney from Ms. Vinitski (the "Power of Attorney," attached to Complaint as Exhibit E), and that he is the "Plaintiff in fact in the stead of Doris Vinitski in this lawsuit." *See* Compl. at ¶ 1. The Mechanics Lien forms the basis of Plaintiffs' claim for unjust enrichment and reimbursement.[8] *See* Compl. at ¶ 23.

### C. The First Litigation and Subsequent Foreclosure

This is the second lawsuit filed by Plaintiffs relating to BANA's efforts to conduct a foreclosure on the Property following Ms. Vinitski's default. Plaintiffs originally brought suit against defendants K. Havnanian [sic] American Mortgage L.L.C. and BANA (the "Original Defendants") on April 3, 2012, in Civil Action No. 12-DCV-197234, filed in the 400th Judicial District Court of Fort Bend County, Texas (the "First State Court Action"). In the First State Court Action, Plaintiffs requested a Temporary Restraining Order to restrain the Original Defendants from selling the Property at foreclosure. Plaintiffs then filed a First Amended Petition for Unjust Enrichment, Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction (the "Original Petition," attached as **Exhibit 4**). Plaintiffs sought injunctive relief to stop foreclosure proceedings and asserted the same claim for unjust enrichment and reimbursement based on the Mechanics Lien that they now re-assert in the instant action. *Compare* Exhibit 4 at 8-9 with Compl. at ¶ 23. BANA timely removed the First State Court Action to this Court, and the case proceeded under Civil Action No. 4:12-CV-1536

---

[8] The Mechanics Lien was a junior lien to the lien under the Deed of Trust. Therefore, the foreclosure sale extinguished the Mechanics Lien. *See Diversified Mortg. v. Lloyd D. Blaylock, Etc.*, 576 S.W.2d 794, 804-06 (Tex. 1978).

(the "First Action") before the Honorable Lee H. Rosenthal. On February 15, 2013, Plaintiffs and BANA filed a Joint Stipulation of Dismissal with Prejudice (the "Joint Stipulation of Dismissal," attached as **Exhibit 5**), whereby Plaintiffs and BANA stipulated and agreed that: "All matters in controversy between Plaintiffs and Defendants … have been fully and finally resolved and, as such, all claims in this case against the Defendants[9] which were or could have been asserted by Plaintiffs are dismissed with Prejudice."[10] *See* Exh. 5 at ¶ 1. This Court issued an Order of Dismissal with Prejudice (the "Order of Dismissal with Prejudice," attached as **Exhibit 6**),[11] which stated that it was:

> ORDERED, ADJUDGED, AND DECREED that all claims in the … [First Action] that were asserted by Plaintiffs against Defendants or could have been asserted by Plaintiffs against Defendants be dismissed with PREJUDICE, with costs of court being asserted against the party incurring same. All relief not expressly granted in this Order is hereby denied.

*See* Exh. 6.

Following the Court's Order of Dismissal with Prejudice, BANA exercised its power to foreclose under the Note and Deed of Trust, and the Property was noticed for foreclosure on July 2, 2013. Fannie Mae acquired the Property at foreclosure on July 2, 2013 for approximately $195,000. *See* Compl. at ¶ 28.

---

[9] According to the Joint Stipulation of Dismissal in the First Action, Defendant K. Hovnanian American Mortgage, LLC was never served with process and never appeared in the lawsuit. *See* Exh. 5, n.1.

[10] The Court may consider the Joint Stipulation of Dismissal filed in the First Action without converting this motion to dismiss to one for summary judgment. *See Meyers v. Textron*, 540 Fed. Appx. 408, 409 (5th Cir. Oct. 2, 2013) (per curiam) ("[A] district court may take into account documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned.").

[11] The Court may consider the Order of Dismissal with Prejudice entered in the First Action without converting this motion to dismiss to one for summary judgment. *See Meyers*, 540 Fed. Appx. at 409.

**D.     The Instant Litigation**

Despite a court order dismissing Plaintiffs' claims with prejudice, Plaintiffs filed this lawsuit against the Defendants on November 22, 2013, asserting: (1) the same word-for-word claim for unjust enrichment and reimbursement made and dismissed in the First Action; and (2) a baseless claim for wrongful foreclosure due to an alleged failure to provide notice and an alleged inadequate sales price.  In addition, Plaintiffs seek a declaratory judgment and injunctive relief to set aside the foreclosure sale and enjoin and restrain Defendants from selling the property to a third party.

**III.    STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted."  In deciding a motion to dismiss, a court accepts all well-pleaded facts as true and views them in the light most favorable to the claimant. *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008).  However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). Moreover, a complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (citations omitted).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Id.* (quoting *Twombly*, 550 U.S. at 570).

While not a "probability requirement," the plausibility standard announced in *Twombly* and *Iqbal* requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 557).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of

entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). As described below, Plaintiffs have failed to meet this standard.

IV. **ARGUMENT AND AUTHORITIES**

    A. **Plaintiffs Are Barred From Re-litigating the Issue of Unjust Enrichment Under the Doctrine of Collateral Estoppel/Issue Preclusion.**

Collateral estoppel/issue preclusion promotes the interests of judicial economy by treating certain issues of fact or law that are validly and necessarily determined between two parties as final and conclusive. *United States v. Shanbaum*, 10 F.3d 305, 311 (5th Cir. 1994). Collateral estoppel applies "if another court has already furnished a trustworthy determination of a given issue of fact or law, [because] a party that has already litigated that issue should not be allowed to attack that determination in a second action." *Id.* District courts have broad discretion in determining when issue preclusion should be applied to preclude relitigation of matters that have already been decided by other courts. *Copeland v. Merrill Lynch*, 47 F.3d 1415, 1423 (5th Cir. 1995).

"When a federal court sitting in diversity is considering the collateral estoppel effect of a prior federal judgment," federal common law is applied. *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 583 F.3d 348, 353 (5th Cir. 2009) (quoting *Reimer v. Smith*, 663 F.2d 1316, 1325 n. 9 (5th Cir. 1981)). To establish collateral estoppel under federal law, one must show: (1) that the issue at stake is identical to the one involved in the prior litigation; (2) that the issue was actually litigated in the prior litigation; and (3) that the determination of the issue in the prior litigation was a critical and necessary part of the judgment in the earlier action. *Id.* at 353.

Here, the issue of unjust enrichment, as pled by the Plaintiffs, has been decided and is precluded by the Order of Dismissal With Prejudice entered by this Court in the First Action. The issue of unjust enrichment at stake in the First Action and the instant action are identical—

word for word—as shown by a comparison of the claims made in the Original Petition and in the Complaint:

| Page 8 of the Petition (Exh. 4) filed in the First Action, entitled "UNJUST ENRICHMENT AND REIMBURSEMENT" states: | Paragraph 23 of the Complaint in the instant action, entitled "UNJUST ENRICHMENT AND REIMBURSEMENT" states: |
|---|---|
| Following the damages to the said property by Hurricane Ike on or about September 2008 Plaintiff Diogu, provided material and labor to make repairs that the insurance company denied for about $50,000.00. This work was necessary to protect and enhance the asset that the Defendants now want to foreclose. Diogu will show that he is entitled to be reimbursed for his labor and material expended on ENHANCING, PROTECTING AND PRESERVING the value of the property for the Defendants. See attached Exhibit "B" | 23: Following the damages to the said property by Hurricane Ike on or about September 2008 Plaintiff Diogu, provided material and labor to make repairs that the insurance company denied for about $50,000.00. This work was necessary to protect and enhance the asset that the Defendants now want to foreclose. Diogu will show that he is entitled to be reimbursed for his labor and material expended on ENHANCING, PROTECTING AND PRESERVING the value of the property for the Defendants. See attached Exhibit "B" |

Moreover, the issue of unjust enrichment was actually litigated in the First Action and was part of the final judgment in the First Action, which provided for a dismissal with prejudice of ***all claims that were brought or could have been brought*** by Plaintiffs against the defendants in the First Action.

Plaintiffs have had their day in court and agreed to a stipulation of dismissal ***with prejudice*** of all claims—including their claim for unjust enrichment—in the First Action. All of the elements for issue preclusion have been met. The only fact that has changed since the Court's dismissal of the First Action and the instant action is that the Property was sold at foreclosure to Fannie Mae. Plaintiffs should not now be allowed to take another bite at the apple, and the Court should find that Plaintiffs are barred from relitigating the issue of unjust enrichment under the doctrine of collateral estoppel/issue preclusion. Accordingly, the Court should dismiss Plaintiffs' claim for unjust enrichment in its entirety, with prejudice.

9

B.     **Plaintiffs Do Not State a Viable Cause of Action for Unjust Enrichment.**

Even if Plaintiffs' claim for "unjust enrichment" was not barred, Plaintiffs fail to state a viable cause of action for unjust enrichment. In Texas, a plaintiff may recover under an unjust enrichment theory where person has "obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). However, Plaintiffs fail to allege the basic requirement that Defendants received a benefit by "fraud, duress, or the taking of an undue advantage" to support a claim for unjust enrichment. Rather, Plaintiffs merely allege that "Diogu will show that he is entitled to be reimbursed for his labor and material expended on ENHANCING, PROTECTING AND PRESERVING the value of the property for the Defendants." *See* Compl. at ¶ 23. Accordingly, the Court should dismiss Plaintiffs' claim for unjust enrichment in its entirety, with prejudice.

Moreover, when an express contract covers the subject matter of the parties' dispute, there generally can be no recovery under a theory of unjust enrichment, because the parties are bound by their express agreements. *Fortune Production Co. v. Conoco, Inc.*, 52 S.W.3d 671, 683-85 (Tex. 2000). Where, as here, there is a Note and Deed of Trust, Ms. Vinitski's obligations are covered by the loan documents, and the existence of the Note and Deed of Trust preclude a claim for unjust enrichment. *See Baker v. Deutsche Bank Nat. Trust Co.*, No. 4:11-CV-61, 2011 WL 5600312, at *3-4 (E.D. Tex. Oct. 20, 2011); *Bircher v. Bank of New York Mellon*, No. 4:12-CV-171-Y, 2012 WL 3245991, at *6 (N.D. Tex. Aug. 9, 2012). Accordingly, the Court should dismiss Plaintiffs' claim for unjust enrichment in its entirety, with prejudice.

C.     **Plaintiffs Do Not State a Viable Cause of Action For Wrongful Foreclosure.**

Plaintiffs attempt, without merit, to assert a claim for wrongful foreclosure. In Texas, "a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property." *Matthews v. JPMorgan Chase*

*Bank, N.A.*, No. 3:11-CV-00972-M, 2011 WL 3347920, at *2 (N.D. Tex. Aug. 1, 2011). To establish a cause of action for wrongful foreclosure, a plaintiff must prove "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Hurd v. BAC Home Loans Servicing LP*, 880 F. Supp. 2d 747, 766 (N.D. Tex. 2012) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.-Corpus Christi 2008, no pet.)). A procedural defect may occur when the mortgagee either "fails to comply with statutory or contractual terms," or "complies with such terms, yet takes affirmative action that detrimentally affects the fairness of the foreclosure proceedings." *Matthews*, 2011 WL 3347920, at *2. Recovery, however, is not available merely by showing a defect in the foreclosure process; "it is also necessary that there be an inadequate selling price resulting from the defect." *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011).

Here, Plaintiffs assert a claim for wrongful foreclosure based on allegations that: (1) no notice to accelerate was ever mailed to them, which Defendants dispute; and (2) the $195,000 sales price at foreclosure was grossly inadequate given the $246,690 alleged value of the property. *See* Compl. at ¶¶ 28-34. These allegations are conclusory and unsubstantiated. "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor*, 296 F.3d at 378. The Court should, therefore, dismiss Plaintiffs' wrongful foreclosure claim in its entirety, with prejudice, on this basis alone.

Plaintiffs allege that "no notice of acceleration was mailed," which BANA disputes. Under Texas law, an allegation that Plaintiffs did not "receive" a notice of acceleration cannot entitle a plaintiff to relief because the Texas Property code imposes no such requirement; only constructive notice is required. *See Rodriguez v. Ocwen Loan Servicing, LLC*, 306 Fed. Appx.

11

854, 856 (5th Cir. 2009) (per curiam) (holding that the allegation that the debtors "did not actually receive notice of the [ ] sale" could not "state a claim for relief because Texas law only imposes a constructive-notice requirement"); *Warren v. Bank of America, N.A.,* No. 3:13-CV-1135, 2013 WL 6840016, at *7 (N.D. Tex. Dec. 27, 2013) (dismissing claim for wrongful foreclosure based on plaintiff's allegation that he did not "receive" default or acceleration notices).

Even if Plaintiffs' alleged "defects" in the foreclosure sale are taken as true, Plaintiffs have not alleged that such defects caused or contributed to the alleged grossly inadequate selling price. *See* Compl. at ¶¶ 28-34. The Texas Supreme Court has held that, in order for a finding of wrongful foreclosure, "[t]here must be evidence of irregularity, though slight, which irregularity must have caused or contributed to cause the property to be sold for a grossly inadequate price." *Am. Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975) (emphasis added). Thus, a low foreclosure sale price, without more, does not amount to wrongful foreclosure; the plaintiff must allege that other irregularities in the foreclosure proceedings ***caused or contributed to*** a grossly inadequate sales price. *See Rodriguez*, 306 Fed. Appx. at 856. Moreover, Texas courts have held that a sales price of more than fifty percent of the property value is not grossly inadequate as a matter of law. *See Terra XXI, Ltd. v. Harmon*, 279 S.W.3d 781, 788 (Tex. App.—Amarillo 2007, pet. denied); *Christensen v. Bank of Am., N.A.*, No. 5:10-CV-176-C, 2011 WL 7070568, at *3 (N.D. Tex. Nov. 4. 2011). Thus, even using the $249,690 property value alleged by Plaintiffs, the $195,000 sales price at foreclosure—which amounts to 78% of Plaintiffs' alleged property value—was not grossly inadequate as a matter of law because it was well over 50%.

Because Plaintiffs do not meet the required element of a "grossly inadequate selling price," as a matter of law, and have not pled a causal connection between the alleged defects in the foreclosure and the alleged grossly inadequate sales price, Plaintiffs cannot establish a viable cause of action for wrongful foreclosure against BANA. Accordingly, the Court should dismiss Plaintiffs' claim for wrongful foreclosure in its entirety, with prejudice.

### D. The Court Should Deny Plaintiffs' Request For a Declaratory Judgment and Injunctive Relief.

Plaintiffs seek a declaratory judgment and injunctive relief to set aside the foreclosure sale and enjoin and restrain the Defendants from selling the property to a third party. Plaintiffs are not entitled to a declaratory judgment because none of their claims state a viable cause of action against Defendants, as discussed above. *See Lindsey v. Ocwen Loan Servicing*, LLP, No. 3:10–CV–967–L, 2011 WL 2550833, at *6 (N.D. Tex. June 27, 2011) (dismissing claim for declaratory judgment because "[a]s Plaintiff's underlying claim for wrongful foreclosure will be dismissed, there is nothing remaining for the court to adjudicate in this proceeding, and Plaintiff is not entitled to any such relief."). Likewise, Plaintiffs are not entitled to injunctive relief because they cannot establish a substantial likelihood of success on the merits, as discussed above. *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). Accordingly, the Court should deny Plaintiffs' requests for a declaratory judgment and injunctive relief.

## V. CONCLUSION

For the reasons stated herein, Defendants request that the Court grant their motion to dismiss Plaintiff's Original Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure, as a matter of law, to state any cognizable claim for relief.

Dated: April 3, 2014	Respectfully submitted,


By:   ____/s/ Connie Flores Jones____
	CONNIE FLORES JONES
	State Bar No. 00793736
	Winston & Strawn LLP
	1111 Louisiana
	25th Floor
	Houston, TX 77002
	Telephone: (713) 651-2600
	Facsimile: (713) 651-2700

**ATTORNEYS FOR DEFENDANTS FEDERAL NATIONAL MORTGAGE ASSOCIATION AKA FANNIE MAE AND BANK OF AMERICA, N.A.**

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of April, 2014, a correct copy of the foregoing DEFENDANTS FEDERAL NATIONAL MORTGAGE ASSOCIATION AND BANK OF AMERICA N.A.'S MOTION TO DISMISS PLAINTIFFS' PETITION AND BRIEF IN SUPPORT was filed with the Court via the CM/ECF.  I further certify that a copy of same was forwarded to the following non CM/ECF users:

***Via Certified Mail R.R.R and Regular Mail***
Diogu Kalu Diogu II, LLM
P.O. Box 994
Fulshear, Texas 77441

Attorney for Plaintiffs
Doris Vinitski and Mark Kalu Diogu II
